■ In the Matter of the Claim of GEORGE E. GALLO, Respondent, v. BETHLEHEM STEEL COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of benefits by the Workmen's Compensation Board contending that the award should be paid by the Special Fund for Disability Benefits (Disability Benefits Law [Workmen's Compensation Law], § 207). Decedent began work with the appellant employer on September 28, 1955. During the period from September 28, 1955 to May 18, 1962 there is a history of layoffs, on one occasion over a year, and subsequent reinstatements. On May 18, 1962 decedent was again laid off. Thereafter he applied for and received unemployment insurance benefits until about July 1, 1962 when he became disabled with a bleeding peptic ulcer. He died on August 31, 1962. Appellant's position is that since disablement took place more than four weeks after May 18, 1962, the date decedent was indefinitely laid off, the Special Fund should bear the award. The board, however, has found that employment did not terminate as of May 18, 1962 but continued during the layoff period. The term "in employment" is not limited to the last day a claimant actually performed work (*Matter of Flo* v. *General Elec. Co.*, 7 N Y 2d 96, 100; *Matter of Gross* v. *Mary Herbert Fashions*, 15 A D 2d 626, affd. 13 N Y 2d 93). Rather the relationship subsists until there is a severance thereof as expressed by the intent of the parties. Here the board in the exercise of its fact-finding power could determine in view of the union agreement, the past history of layoffs and reinstatements, and the various insurance benefits that subsisted during the layoff, that the relationship continued with enough definiteness so that decedent remained "in employment" during the layoff period. Nor does the receipt of unemployment benefits *ipso facto* destroy this relationship (*Matter of Gross* v. *Mary Herbert Fashions, supra*). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.